# UNITED STATES

## v.

## Michael S. HENDRICKSON, 534 68 9778, Private First Class (E–2), U. S. Marine Corps.

### NCM 80 1051.

U. S. Navy Court of Military Review.

Sentence Adjudged 12 Dec. 1979.

Decided 30 Jan. 1981.

LCDR I. D. Warden, Jr., JAGC, USN, Appellate Defense Counsel.

LT J. G. VanWinkle, JAGC, USN, Appellate Government Counsel.

Before GREGORY, Senior Judge, and DONOVAN and GLADIS, JJ.

GLADIS, Judge:

Contrary to his not guilty pleas the accused was convicted by a special court-martial composed of officer and enlisted members of larceny of a portable television/radio, in violation of Article 121, 10 U.S.C.A. § 921, Uniform Code of Military Justice (UCMJ). As the case reaches us, the sentence consists of a suspended bad-conduct discharge, confinement at hard labor for 2 months, forfeitures of $295.00 per month for 4 months, and reduction to pay grade E–1.

The accused contends that certain evidence admitted on the merits was the product of an illegal search and that evidence of a prior nonjudicial punishment was also inadmissible. We disagree and affirm.

## I

The victim, a Marine corporal, picked up the accused and another Marine at a freeway exit and drove them to the base and their barracks. He moved his portable television/radio set behind the driver's seat before they entered the vehicle in order to make room for the accused who sat in the rear behind the passenger seat. The accused's companion sat in front. As he drove away, after leaving the two at the barracks, the victim discovered the set was missing. He returned to the barracks and asked the duty noncommissioned officer if he had seen the two Marines to whom he had given a ride. He described the two and said that one had stolen his television set. The duty NCO recalled seeing the two individuals 5 minutes before. The one fitting the accused's description was carrying a television/radio set. The duty NCO did not contact the officer of the day or other authorities because he thought immediate action was necessary to prevent the thief from leaving the barracks through the unlocked back door. Accompanied by the victim he went through the wing he had seen the two Marines enter, planning to knock at each cubicle and see if anyone was there. He knocked at the first two cubicles and receiving no answer, pulled aside the curtains and looked in, ascertaining that no one was there. He knocked at the third cubicle, entered when someone answered, and found the accused sitting on a bed holding the victim's television/radio set.

■ Warrantless searches are justified when the exigencies of the situation make that course imperative. *McDonald v. United States*, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948). The need for effective law enforcement must be balanced against the right of privacy. *Johnson v. United States*, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948). Exigent circumstances include

a realistic expectation that delay would result in destruction of evidence. *See also United States v. Santana*, 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976); *Roaden v. Kentucky*, 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed.2d 757 (1973). The Court of Military Appeals has recognized that searches without command authorization are permissible if immediate action is necessary to prevent removal or disposition of stolen property. *United States v. Kinane*, 1 M.J. 309, 312 (C.M.A.1976); *United States v. Soto*, 16 U.S.C.M.A. 583, 585, 37 C.M.R. 203, 205 (1967). Such necessity does not eliminate the requirement for probable cause. *Id.*

■ In *Kinane* the Court of Military Appeals said that the United States Supreme Court has not applied the exigent circumstances or necessity search doctrine to persons or dwellings, but instead has limited its scope to vehicles. Many cases in which the Supreme Court has upheld warrantless searches involve automobiles, but in its statement in other cases of the rule that exceptional circumstances may justify such a search, that Court did not limit its scope to vehicles. *Roaden v. Kentucky, supra. See Johnson v. United States, supra; McDonald v. United States, supra; United States v. Jeffers*, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951). It has found that exigent circumstances justify warrantless searches of and for persons, *Cupp v. Murphy*, 412 U.S. 291, 93 S.Ct. 2000, 36 L.Ed.2d 900 (1973); *Warden v. Hayden*, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967), and implicitly recognized that such circumstances may justify warrantless searches of private dwellings. *United States v. Barden*, 9 M.J. 621, 625 (A.C.M.R.1980). Recently the Court of Military Appeals also implicitly recognized that exigent circumstances may justify a search of a barracks room without command authorization. *United States v. Rivera*, 10 M.J. 55, 61 (C.M.A.1980). In the cases in which warrantless searches have been found to be unjustified, no satisfactory reasons were offered for not obtaining warrants. *Vale v. Louisiana*, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970); *Chapman v. United States*, 365 U.S. 610, 81 S.Ct.

776, 5 L.Ed.2d 828 (1961); *United States v. Johnson, supra; cf. United States v. Rivera, supra.* The permanence of the premises is one factor to be assessed in determining whether there are exigent circumstances. Others are the likelihood of flight of suspects, imminence of destruction or removal of evidence, and physical danger from delay. *Warden v. Hayden, supra; Johnson v. United States, supra.* Exigent circumstances may justify a warrantless search in a case which does not involve a vehicle if there is probable cause and immediate action is necessary to prevent the flight of suspects or the removal of evidence.

■ Applying these principles to the case before us, we find that the search, though without command authorization, was justified on the basis of probable cause to believe that an offense had been committed and exigent circumstances demanding immediate action to prevent the removal of stolen property.[1] We reject the accused's contention that this was a prohibited general exploratory search. This search was sufficiently limited as to a specified person and object in a particular place; it was made to find a person who had just been seen by the searcher entering a certain wing of the barracks and carrying a television/radio. Therefore, the search was lawful and the evidence produced by it admissible.

## II

Citing paragraphs 30*g* and 33*h, Manual for Courts-Martial, 1969 (Rev.)* (MCM), and *United States v. Romero,* No. 77 1014, 5 M.L.R. 2487 (N.C.M.R. 17 October 1977), the accused contends that evidence of a prior nonjudicial punishment was inadmissible in aggravation because it was imposed for an offense which occurred after the larceny tried at this court-martial and which should have been joined with it. Paragraph 30*g* provides that, subject to jurisdictional limitations and at the discretion of the convening authority, charges against an accused, if

tried at all, ordinarily should be tried at a single trial by the lowest court that has power to adjudge an appropriate and adequate punishment. Paragraph 26*c*, MCM, provides that ordinarily charges for minor derelictions should not be joined with charges for serious offenses. Generally, the term "minor" includes misconduct not involving any greater degree of criminality than is involved in the average offense tried by summary court-martial. The term does not include misconduct of a kind which, if tried by general court-martial, could be punished by dishonorable discharge or confinement for more than one year. Paragraph 128*b*, MCM.

■ Under the circumstances of this case, we hold that the convening authority did not abuse his discretion in determining that a 13-day unauthorized absence was a minor offense which should not be joined with the major offense of larceny of property valued at $148.00. After consulting with a lawyer the accused declined to demand trial by court-martial on the unauthorized absence charge and accepted nonjudicial punishment. *See* Article 15, 10 U.S.C.A. § 815, UCMJ. This case is distinguishable from *United States v. Romero, supra,* which involved multiple court-martial convictions for offenses which the Court found to be of a similar general nature in terms of seriousness and malfeasance. Therefore, we conclude that evidence of the prior nonjudicial punishment was properly admitted.

The findings of guilty and the sentence as approved on review below are affirmed.

Senior Judge GREGORY and Judge DONOVAN concur.

---

1. This view would apply even if this case had been tried subsequent to 1 September 1980 under the revised Military Rules of Evidence. *See* MRE 315(g)(1).